UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JOANNE EVELYN SCHULTZ,            )
Individually and as Personal Representative )
of the Estate of Donald Walter Schultz,   )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   Case No.: 2:08-CV-00919-RTR
                                  )
AKZO PAINTS, LLC, sued as THE GLIDDEN )
CO. and DURAKO PAINT AND COLOR CORP., )
                                  )
            Defendants.           )
_____

AGREED PROTECTIVE ORDER
_____

Plaintiff JOANN EVELYN SCHULTZ, Individually and as Personal Representative of the Estate of Donald Walter Schultz, and Defendants AKZO PAINTS, LLC, sued as THE GLIDDEN COMPANY and DURAKO PAINT AND COLOR CORP., jointly move for a protective order in this case. The Court has considered the parties' request and the Agreed Protective Order (the "Order") and is of the opinion that it should be entered. The Court hereby orders that:

1. Any party or non-party who provides or has provided information or material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Order if the Producing Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Order ("Confidential Discovery Material").

2. For purposes of this Order, information considered to be Confidential Discovery Material includes all non-public material containing information related to: proprietary business information, including product formulations; confidential employee or

personnel information; studies or analyses by internal or outside experts; proprietary or commercially-sensitive information; or confidential or protected personal information and documents, including health, financial or employment information.

3. The designation by any Producing Party of Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a valid basis for such designation.

4. Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

5. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Producing Party:

   a. in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, or in the case of documents and other material produced prior to the entry of this Order, by a communication designating bates numbers of the previously produced documents, <u>provided that</u> the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Order; and

   b. in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition or other pretrial testimony; or (ii) by written notice, sent by counsel to all parties within 20 days after the receipt of the transcript or other pretrial testimony, by the designating counsel; <u>provided that</u> only those portions of the transcripts designated as

"Confidential" shall be deemed Confidential Discovery Material. During the 20-day period after the receipt of the transcript, the entire transcript shall be deemed to be confidential. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

6. Except as specifically provided for in this or subsequent Court orders, Confidential Discovery Material or its contents shall not be revealed, disclosed, or otherwise made known to persons, directly or indirectly, other than the following:

   a. the parties to the Litigation, including each party's officers, directors, managers, and employees (including in-house counsel), solely to the extent necessary to assist in the conduct of the Litigation in accordance with the terms of this Order;

   b. experts or consultants who are not officers, directors, managers, or employees of any party, or current employees of any competitor of a party, who are necessary to assist outside counsel of record in the conduct of this Litigation; <u>provided, however</u>, that Confidential Discovery Material shall not be disclosed to any expert or consultant unless the person receiving Confidential Discovery Material agrees to abide by the terms and conditions of this Order, by signing the confidentiality statement in the form attached as Exhibit A;

   c. outside counsel for parties that have appeared in the Litigation, and their staff employees;

   d. individuals employed or retained as consultants by such counsel assisting in the conduct of the Litigation, and their staff employees and colleagues, for use in accordance with the terms of this Order, so long as such consultants agree to abide by the terms and conditions of this Order, by signing the confidentiality statement in the form attached as Exhibit A;

e. the Court and Court personnel;

f. court reporters employed in connection with this Litigation;

g. any other person upon order of the Court or upon prior written consent of the party that produced the Confidential Discovery Material.

7. Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof. Only those persons specified in Paragraphs 7b and 7d, above, and witnesses contemplated by Paragraph 9, below, shall be required to execute the confidentiality statement set forth in Exhibit A.

8. This Order shall not be construed to prevent examination of any person as a witness at trial or during deposition concerning any Confidential Discovery Material which that person had lawfully received prior to and apart from the Litigation. During deposition examination, any such witness may be shown Confidential Discovery Material of a Producing Party which appears on its face or from other documents or testimony to have been received by that witness or communicated to that witness apart from the Litigation; <u>provided, however</u>, that any such witnesses receiving or reviewing Confidential Discovery Material for the first time at the deposition shall pledge to abide by the terms and conditions of this Order, by signing a confidentiality statement in the form attached as Exhibit A prior to the use of such information at deposition. It shall be solely the obligation of the party producing the deposition witness or, in the case of a non-affiliated third party witness, a joint obligation of all counsel to obtain the signed confidentiality statement prior to the commencement of the deposition. With respect to the use of "Confidential" documents and material at trial, the parties will defer to the Court's preference to be determined at the final pre-trial conference.

9. If "Confidential" documents are attached as exhibits to any briefs, memoranda, motions, letters, or other filings sent to the Court, the "Confidential" documents shall be filed under seal. The filing itself need not be filed under seal, unless it quotes the "Confidential" documents verbatim.

10. "Confidential" documents which are authorized by this Court to be placed under seal, shall be filed in sealed envelopes marked with the caption of the Litigation and the words "Confidential -- Filed Under Seal." All such "Confidential" documents so filed shall be released from confidential treatment only upon further order of the Court or upon written agreement by all parties who have agreed to be bound by this Order.

11. In the event a party to the Litigation disagrees, at any stage of these proceedings, with the designation by a party of information as "Confidential," the parties involved shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may seek appropriate relief from the Court, and the party asserting "Confidentiality" shall have the burden of proving that the information designated is "Confidential."

12. Entering into or agreeing to this Order or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

   a. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

   b. prejudice in any way the rights of a party to seek a determination by the Court whether any material designated as Confidential Discovery Material should be subject to the terms of this Order;

   c. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Discovery Material; or

    d.      prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular material designated as Confidential Discovery Material.

13. This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material for any purpose. Nothing herein shall (i) prevent a party from disclosing Confidential Discovery Material or other information to officers, directors, or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as "Confidential," but which were obtained lawfully by such party independently of the discovery proceedings in this Litigation.

14. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

15. Non-parties who produce documents pursuant to this Order shall have the benefit of this Order, and shall be entitled to enforce its terms, if they agree and file with the Court their agreement to be bound hereby.

16. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2011.

                                                              **BY THE COURT**:

                                                              */s/ Rudolph T. Randa*
                                                              _____
                                                              **HON. RUDOLPH T. RANDA**
                                                             **U.S. District Judge**

# **EXHIBIT A**

                                                                  [Name and Address of
                                                                  Proposed Recipient of
                                                                  Confidential Material]

[Name and Address of Counsel
Proposing to Show Confidential
Material to a Third Party]

      Re:  Case no. 08-CV-0919; *JoAnn Evelyn Schultz, individually and as Personal Representative of the Estate of Donald Walter Schultz v. Akzo Paints, LLC, sued as The Glidden Company and Durako Paint and Color Corp.*

Dear Counsel:

You have proposed to disclose to me information or material which has been designated as "Confidential" in the referenced litigation. This will acknowledge:

a. I have reviewed a copy of the Agreed Protective Order in the referenced action.

b. I agree to comply with the Order in all respects.

c. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Wisconsin for adjudication of any dispute about whether I have complied with the Order.

                                                                _____
                                                                [Signature of Proposed
                                                                Recipient of Confidential
                                                                Material]