**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**JOANNE EVELYN SCHULTZ,**
**Individually and as Personal Representative**
**of the Estate of Donald Walter Schultz,**

    Plaintiff,

    -vs-                                                    **Case No. 08-C-919**

**THE GLIDDEN COMPANY,**
**n/k/a AKZO NOBEL PAINTS LLC,**

    Defendant.

## DECISION AND ORDER

This matter comes before the Court on motions in limine in advance of the trial currently scheduled for August 11, 2014. The trial is scheduled for two weeks, although the Court notes that it is now unavailable August 21-22. If the parties anticipate that they cannot try this case in eight days, they should contact the Court's scheduling clerk to make appropriate arrangements.

The defendant, Akzo Nobel Paints, LLC, moves to exclude two studies/papers relied upon by Dr. Stephen Gore, plaintiff's causation expert. Akzo argues that these studies are unreliable and that they should be "excluded from evidence accordingly, and that all witnesses" (i.e., Dr. Gore) "be precluded from testifying to, or referring to or relying on said papers." This is a poorly-disguised attempt to re-litigate the admissibility of Dr. Gore's opinion. The Seventh Circuit found Dr. Gore's opinion

admissible under *Daubert* and FREvid. 702. That ruling is the law of the case and the Court must abide by it. *Schultz v. Akzo Nobel Paints, LLC*, 721 F.3d 426 (7th Cir. 2013).

As for the plaintiff, she filed a series of twenty-one motions, each with the following preface:

> Plaintiff JOANNE SCHULTZ files this Motion in Limine requesting the Court to instruct Defendant and Defendant's counsel not to mention, refer to, insinuate, or bring before the jury, directly or indirectly, on *voir dire* examination, through witnesses or exhibits, or at any time during the trial any of the matters set forth below, unless and until such matters have first been called to the Court's attention out of the presence and hearing of the jury, and rule upon by the Court.
>
> This motion is made on the grounds that violation of any or all of these instructions would cause great harm to Plaintiff's cause and would deprive Plaintiff of a fair and impartial trial.

What follows is a laundry list of restrictions that the plaintiff asks the Court to impose upon the defendant. In some respects, the plaintiff's motions seem to presume that the Federal Rules of Evidence do not exist.[1] Instead, the plaintiff wants to create her own set of parameters regarding the conduct of counsel, the type of arguments to be made, and the presentation of evidence during trial. *See, e.g.,* Motion No. 7 (requesting that "Defendant, its witnesses, and its counsel be prohibited from arguing or suggesting that the manner of Decedent's use of the products at issue was a 'misuse' of the products without such credible evidence of 'misuse'"); Motion No. 8 (prohibiting argument that "this case is frivolous, meritless, baseless, brought in bad faith or for

---

[1] Indeed, the plaintiff didn't even bother citing to the FREvid. in any of her motions.

purposes of harassment, or any other similar derogatory connotation"). That's not how it works. Instead, the parties can object during the course of trial, prompting the Court to rule on those objections according to the Rules and the applicable case law. In other respects, the plaintiff's motions are so vague that they fail to provide any possible context for a meaningful *in limine* ruling. *See* Motion No. 2 ("That neither the Defendant, its witnesses, nor its counsel be permitted to discuss unsubstantiated or speculative sources of other chemical exposure that caused or may have caused Decedent's cancer and death"); Motion No. 14 ("That Defendant, its witnesses, and its counsel be prohibited from referring to or introducing documents or other materials, in the presence of the jury, without first laying adequate predicate and foundation for admissibility outside the jury's presence"). There are more defects, but the Court will not belabor the point. The issues raised by the plaintiff's motions are more appropriately addressed in the context of trial.

Defendant's motions in limine [ECF No. 272] are **DENIED**. Plaintiff's motions [ECF No. 271] are **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 10th day of June, 2014.

                                                   **BY THE COURT:**

                                                   **HON. RUDOLPH T. RANDA**
                                                   **U.S. District Judge**